JOSHUA HARRISON AND ANOTHER, RESPONDENTS, *v.* HENRY R. GLOVER AND OTHERS, APPELLANTS.

*Market-price — how determined.*

The market-price of goods is proved as well by evidence of what they could be bought for, as by actual sales.

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

The parties made an agreement in writing, in which. it was specified that the plaintiffs should supply the defendants with certain woolen blankets, and that the defendants should sell them on commission. The action grew out of this clause of the agreement, viz. : "It is hereby agreed that the blankets shall not be sold for less than those made by Dobson & Schofield, of Philadelphia, at the proper time for selling them." The defendants sold a large quantity of plaintiffs' goods for a less price, as plaintiffs claimed, than Dobson & Schofield's blankets were sold for. The referee gave the plaintiffs judgment for the difference between the price at which the goods were sold and the. price they would have brought at the rates at which Dobson & Schofield's goods sold. From that judgment the defendants appeal.

The defendants claimed that, prior to making the sale in dispute, they called on Dobson's agent in New York, and that he offered to

sell Dobson's blankets at the price they obtained on the sale in question.

*Daniel T. Walden*, for the appellants.

*Walter C. Anthony*, for the respondents.

GILBERT, J.:

We think the referee erred in his interpretation of the contract in this case.

The fair meaning of the language employed, is, that the market-price of Dobson's & Schofield's goods was to be the minimum price of the plaintiffs'. The market-price of goods is proved as well by evidence of what they could be bought for, as by actual sales. Market-prices are fixed every day in that way on all our exchanges. It would frustrate the chief object of the contract on both sides, to give it the construction put on it by the referee. That object was to sell the goods, but if the defendants were not permitted to compete with Dobson & Schofield, by offering the plaintiffs' goods at as low a price as Dobson & Schofield were will-ing to sell their own, it is manifest that the latter would monopolize the trade. Suppose Dobson & Schofield offered to sell to a custo-mer of the defendants goods at a price less than that at which previous sales had been made by the former, and the defendants were not at liberty to regard that as the price intended by the con-tract, it is manifest that they would lose the customer.

That certainly was not the intention of the parties. It is true the construction we have put upon the contract would authorize a competition, which, if continued for a sufficient length of time, might ruin both Dobson & Schofield and the plaintiffs. But this could not happen to the plaintiffs, unless the defendants were grossly derelict in their duty as factors. If they duly performed their duty to the plaintiffs, as we must presume, they would stop making sales which would subject the plaintiffs to loss, until they had received instructions to make them, or how else to act. The relation of principal and factor is one of mutual confidence, and much must necessarily be left by each to the judgment and good faith of the other.

The interpretation of contracts ought not to be affected by a desire to shield either party absolutely against possible consequences of fraud or any other wrong. On the contrary, the presumption ought to be that the parties contracted on the basis that each would act honestly toward the other, and, if they wish to do away with this presumption, they must make their stipulations express, and in unambiguous language to that effect.

This error of the referee would not have been sufficient to warrant a reversal of the judgment, if he had found the fact that the sales, of which the plaintiffs complain, were not made in good faith, at a price at which the goods of Dobson & Schofield had actually been offered. But he did not so find. On the contrary, he rests his decision solely upon the fact that such sales by the defendants were made at a price less than Dobson & Schofield had actually sold their goods.

We are of opinion, therefore, that the fact found does not justify the conclusion of law on this point.

The judgment must be reversed, and a new trial granted, with costs to abide the event.

Present — BARNARD, P. J., GILBERT and TAPPEN, JJ.

Judgment reversed and new trial granted, costs to abide event.